UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



Curtis Lee Watson,

    Plaintiff,

v.

Stephen Bou *et al.*,

    Defendants.

Civil Action No. 19-1200 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, a resident of Waldorf, Maryland, has filed an action captioned "Real Property Fraud" and seeking "damages in excess" of $20 million. Compl. at 1. The complaint stems from probate proceedings in the Superior Court of the District of Columbia. Plaintiff states that the "jurisdiction of this court is invoked as the defendants acted in concert, as persons [in] Maryland to deny a D.C. resident his right to properly defend the intent of his father (the deceased) in this matter." Compl. at 1. Plaintiff attaches, among other documents, the executed Last Will and Testament of Arthur M. Watson filed in the Probate Division of D.C. Superior Court on February 14, 2000.

Plaintiff is not asking this Court to probate or annul the will, administer the decedent's estate, or "to dispose of property that is in the custody of a state probate court," which are matters "the probate exception" to federal jurisdiction "reserves to state probate courts." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). The probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. A common law tort such as fraud may be brought in federal court under the diversity statute, but it is a "well-established rule" that the citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), or an "'allegation of *residence* alone . . . ,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) (emphasis in original)). Plaintiff has pled no facts from which the Court can ascertain his citizenship and that of each

defendant. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 16th, 2019

/s/ Colleen Kollar-Kotelly
United States District Judge